Magomed Gusein Gasanov, Esq. (CA SBN: 368130)
137 S Crescent Dr, Apt. 3
Beverly Hills, CA 90212
gasanov.mgz@gmail.com
213-642-9978

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREI KOSITSIN,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ, JR., Field Office Director, ICE Los Angeles Field Office; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Attorney General of the United States, Warden of the Adelanto ICE Processing Center.<br><br>Respondents. | Case No. ________________<br><br>PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241<br><br>IMMIGRATION DETENTION — EXPEDITED CONSIDERATION REQUESTED |

## I. INTRODUCTION

1. Petitioner Andrei Kositsin is a citizen and national of the Russian Federation who was lawfully inspected and admitted to the United States at Houston, Texas on December 11, 2024 as a B-2 nonimmigrant visitor. He has remained in the United States continuously since that date and has not departed. (Ex. C.)

2. On January 15, 2025 — while his period of authorized stay was still current — Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal. U.S. Citizenship and Immigration Services acknowledged receipt on January 16, 2025. That application remains pending before the Chicago Asylum Office. It has never been adjudicated, denied, withdrawn, referred to an immigration court, or even set for interview. On its face, the receipt notice advised Petitioner that he may remain in the United States until his asylum application is decided. (Bikbova Decl. ¶ 3; Gasanov Decl. ¶ 11; Ex. A.)
3. On the morning of September 10, 2026, without warning, without a warrant served upon him, and without any prior notice that his liberty was in question, immigration officers in plainclothes arrested Petitioner inside an airport lounge at Los Angeles International Airport as he waited to board a domestic flight to Boston, Massachusetts. He was transported to an immigration facility in downtown Los Angeles, fingerprinted, and subsequently transferred to the Adelanto ICE Processing Center. (Gasanov Decl. ¶¶ 5-8; Bikbova Decl. ¶ 4.)
4. As of the filing of this Petition, Petitioner has been served with no document of any kind. He has received no Notice to Appear, no Notice of Custody Determination, no warrant of arrest, no expedited removal order, and no reinstatement notice. No officer has told him on what authority he is being held or what will happen to him next. (Gasanov Decl. ¶¶ 9-10; Bikbova Decl. ¶ 6.)
5. Respondents have never made, and no neutral decisionmaker has ever reviewed, an individualized determination that Petitioner is a flight risk or a danger to the community. No bond or custody hearing has been held or scheduled. (Gasanov Decl. ¶¶ 9-10.)
6. Petitioner brings this Petition on a single ground: his arrest and detention without prior notice and a pre-deprivation hearing violate the procedural component of the Due Process Clause of the Fifth Amendment. He seeks

immediate release, and, pending adjudication, an order barring Respondents from transferring him outside this District.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. § 1331, and Article I, Section 9, Clause 2 of the United States Constitution. Petitioner challenges the lawfulness of his physical custody, not a final order of removal, so 8 U.S.C. § 1252 does not bar review.

8. Venue is proper in this District under 28 U.S.C. § 1391(e) and Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004), because Petitioner is confined within the Central District of California and his immediate custodian is located here. Venue is proper in the Eastern Division under Local Rule 83-1.1 because Petitioner is held at the Adelanto ICE Processing Center in San Bernardino County.

9. Jurisdiction attached upon the filing of this Petition and is not defeated by any subsequent transfer of Petitioner out of this District. See Padilla, 542 U.S. at 441 & n.9.

## III. PARTIES

10. Petitioner Andrei Kositsin (A235-473-785) is a citizen and national of the Russian Federation, born January 6, 1993. He is presently detained in the custody of U.S. Immigration and Customs Enforcement at the Adelanto ICE Processing Center. (Ex. C; Gasanov Decl. ¶¶ 7, 14.)

11. Respondent Warden of the Adelanto ICE Processing Center is Petitioner's immediate physical custodian, named in his or her official capacity. Respondents Ernesto Santacruz, Jr. (Field Office Director, Los Angeles Field Office, ICE), David Venturella (Acting Director, ICE), Markwayne Mullin (Secretary, U.S. Department of Homeland Security), and Todd Blanche (Attorney General of the United States) are named in their official capacities

to the extent necessary to effectuate Petitioner's release and the prospective relief requested.

12. Petitioner is represented before this Court by undersigned counsel, retained on an emergency basis on September 10, 2026, and before USCIS by Julia Bikbova of Bikbova Law Offices P.C., who remains his attorney of record on the pending Form I-589. (Gasanov Decl. ¶¶ 1-2; Bikbova Decl. ¶¶ 1-2, 5.) Because Petitioner is detained and unable to execute a declaration in the ordinary course, this Petition is verified by counsel on his behalf pursuant to 28 U.S.C. § 2242. (Gasanov Decl. ¶¶ 3-4, 14.)

## IV. STATEMENT OF FACTS

### A. Lawful Admission and Continuous Presence

13. Petitioner was born in the Russian Federation in 1993. On December 11, 2024, he was inspected and admitted to the United States at Houston, Texas as a B-2 nonimmigrant visitor under Admission I-94 Record Number 300974832A4, with an authorized period of stay through June 10, 2025. (Ex. C.)

14. Petitioner's I-94 travel history reflects no departure from the United States after his December 11, 2024 admission. He has remained physically present in the United States continuously since that date and has not traveled abroad since filing his asylum application. (Ex. C.)

### B. The Pending Asylum Application

15. On January 15, 2025, Petitioner, through Ms. Bikbova, filed a Form I-589, Application for Asylum and for Withholding of Removal. USCIS acknowledged receipt of the complete application on January 16, 2025 and assigned it to the Chicago Asylum Office. (Bikbova Decl. ¶ 3; Gasanov Decl. ¶ 11; Ex. A.)

16. The Form I-797C states on its face that Petitioner may remain in the United States until his asylum application is decided. (Ex. A; Gasanov Decl. ¶ 11.)

17. Petitioner's asylum application remains pending and undecided. It has not been adjudicated, denied, withdrawn, or referred to an immigration court, and Petitioner has never been interviewed on it. (Bikbova Decl. ¶ 3; Gasanov Decl. ¶ 12.)

18. Petitioner has complied with every obligation attached to that application. He completed his biometrics appointment, paid the Annual Asylum Program Fee, and notified USCIS of his change of address. (Bikbova Decl. ¶ 3.) Respondents have therefore known Petitioner's whereabouts throughout the pendency of his application.

19. Petitioner has no criminal history. (Gasanov Decl. ¶ 12.)

**C. Petitioner's Work and Community Ties**

20. Petitioner is a professional figure skating coach. He works with the Team Raf High Performance Team under Head Coach Rafael Arutyunyan, an Olympic coach who has trained World and Olympic champions, and trains at Great Park Ice in Irvine, California. Petitioner trains past and current Olympic-level skaters as well as national and international competitors. (Ex. B; Bikbova Decl. ¶ 4.)

21. Petitioner is a member in good standing of U.S. Figure Skating for the 2026-27 season and is current on all compliance requirements, including NCSI background screening, SafeSport training, liability insurance, and continuing education units. His U.S. Figure Skating compliance card is valid through June 30, 2027. Mr. Arutyunyan has submitted a letter attesting to Petitioner's work and requesting his release. Petitioner's detention comes as the athletes he coaches prepare for the 2026-27 Grand Prix season. (Ex. B; Gasanov Decl. ¶ 13.)

**D. The Arrest and Detention**

22. On the morning of September 10, 2026, Petitioner was scheduled to fly from Los Angeles International Airport to Boston, Massachusetts. At

approximately 10:00 a.m., while he was inside an airport lounge and before he reached his departure gate, he was approached by three officers in plainclothes. The officers immediately told him that his visa was expired and took him into custody. (Gasanov Decl. ¶¶ 5-7.)

23. The officers transported Petitioner directly from the airport to the U.S. Immigration and Customs Enforcement Los Angeles Field Office at 300 North Los Angeles Street, Los Angeles, California. While in custody Petitioner was fingerprinted. (Gasanov Decl. ¶¶ 7-8; Bikbova Decl. ¶ 4.)

24. Petitioner telephoned undersigned counsel from the facility that afternoon. He was permitted to place that call only after repeatedly asking his custodians for the opportunity to contact counsel. (Gasanov Decl. ¶ 3; Bikbova Decl. ¶ 7(a).)

25. As of 2:11 p.m. on September 10, 2026, Petitioner had not been served with any document of any kind: no Notice to Appear, no Notice of Custody Determination, no warrant of arrest, no expedited removal order, no reinstatement notice, and no other charging or custody document. He was given no written notice of the basis for his arrest or detention. No officer or official told him what was happening, on what authority he was held, or what would happen to him next. (Gasanov Decl. ¶¶ 9-10; Bikbova Decl. ¶ 6.)

26. Petitioner received no advance notice that his liberty was in question and has had no opportunity — before his arrest or since — to be heard on whether his detention is warranted. (Gasanov Decl. ¶¶ 9-10.)

27. Respondents have never made, and no neutral arbiter has ever reviewed, an individualized determination that Petitioner is a flight risk or a danger to the community. No bond or custody hearing has been held or scheduled.

28. For the more than twenty months between Petitioner's filing of his asylum application and his arrest, Respondents knew of his presence, his address, and his pending application, and affirmatively elected not to detain him. Petitioner

ordered his professional and personal life in reliance on that decision. (Bikbova Decl. ¶ 3; Ex. A, B.)

**E. Counsel's Access to Petitioner**

29. Neither undersigned counsel nor Ms. Bikbova has been able to speak with Petitioner since the brief telephone call described above, and attorney access has not yet been established. (Gasanov Decl. ¶ 14; Bikbova Decl. ¶¶ 6, 7(a).)

30. The witnesses and documentary evidence necessary to defend Petitioner against removal and to present his asylum claim are located in Southern California, and preparing him to testify will require extended, confidential, in-person sessions with counsel. (Bikbova Decl. ¶¶ 7(b)-(c).) In Ms. Bikbova's experience, an interfacility transfer produces a period during which counsel cannot reach the client at all, and here that period would begin at a point when counsel has had virtually no contact with Petitioner since his arrest. (Bikbova Decl. ¶¶ 7(d), 8.) It is her professional judgment that Petitioner's ability to present his asylum claim and defend against removal depends on his continued detention within reasonable proximity to counsel, witnesses, and evidence. (Bikbova Decl. ¶ 9.)

## V. CLAIM FOR RELIEF

### Violation of the Fifth Amendment — Procedural Due Process

### (Detention Without Notice or a Pre-Deprivation Hearing)

31. Petitioner realleges and incorporates each preceding paragraph.

32. The Due Process Clause of the Fifth Amendment protects all persons within the United States, including noncitizens, whether their presence is lawful, unlawful, temporary, or permanent. Zadvydas v. Davis, 533 U.S. 678, 693 (2001); Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam). The Government's discretion to incarcerate noncitizens is always constrained by

the requirements of due process. Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

33. Petitioner holds a substantial liberty interest in remaining free from custody. He entered lawfully after inspection and admission at a designated port of entry (Ex. C), filed a timely asylum application before his authorized stay expired (Ex. A; Bikbova Decl. ¶ 3), and has lived and worked openly in Southern California throughout the pendency of that application in reliance on the Government's affirmative decision not to detain him (Ex. B; Bikbova Decl. ¶¶ 3-4). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

34. That Petitioner's B-2 admission period has lapsed does not extinguish that interest. A pending asylum application is an authorized basis for continued presence, and the agency's own receipt notice so advised him. (Ex. A.) In any event, the expiration of a period of stay is not a determination that a person is a flight risk or a danger — it is a status fact, and it supplies no process at all.

35. Each of the three factors under Mathews v. Eldridge, 424 U.S. 319, 335 (1976), favors Petitioner:

   a. Petitioner's private interest — his physical liberty — is of the highest order, and is heightened by the professional and community reliance interests described above. (Ex. B; Bikbova Decl. ¶ 4.)

   b. The risk of erroneous deprivation is high. Petitioner has a pending asylum application, full compliance with every obligation attached to it, no criminal history, an ongoing professional engagement, and documented community ties. (Bikbova Decl. ¶ 3; Gasanov Decl. ¶ 12; Ex. A, B.) The sole reason offered for his arrest — an expired visa — is not a determination of flight risk or dangerousness, and no procedure whatsoever was used to make one. (Gasanov Decl. ¶¶ 6, 9-10.)

c. The Government's interest in detaining Petitioner without any pre-deprivation process is minimal. A custody hearing is routine, inexpensive, and readily provided.

36. The root requirement of the Due Process Clause is that an individual be afforded an opportunity to be heard before he is deprived of a significant protected interest. Petitioner was afforded none. His arrest and detention on September 10, 2026 therefore violated his procedural due process rights.

37. The availability of a post-deprivation bond hearing does not cure the violation. A hearing conducted after the fact cannot prevent the erroneous deprivation that has already occurred, and cannot supply the process that was constitutionally due before Petitioner was taken into custody.

38. Because the detention was unlawful at its inception, release is the only remedy that restores the status quo — the last uncontested condition preceding this controversy, which was Petitioner at liberty. See GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000).

## VI. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

39. Issue a writ of habeas corpus and order Respondents to release Petitioner immediately from custody, subject only to any conditions in place before his September 10, 2026 detention, and to return any confiscated property and documents to him upon release;

40. Pending adjudication of this Petition, enter a temporary restraining order and preliminary injunction barring Respondents from transferring Petitioner outside the Central District of California, as sought in the concurrently filed ex parte application;

41. Enjoin Respondents from re-detaining Petitioner pursuant to 8 U.S.C. § 1226 without at least seven days' notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of

showing by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure his future appearance and the safety of the community;

42. In the alternative, order Respondents to provide such a hearing within seven days;

43. Award Petitioner reasonable attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

44. Grant such other and further relief as the Court deems just and proper.

Dated: September 10, 2026

Respectfully submitted,

/s/ Magomed Gusein Gasanov
MAGOMED GUSEIN GASANOV, ESQ.
CA SBN 368130
Attorney for Petitioner

**VERIFICATION**

I, Magomed Gusein Gasanov, declare as follows:

I am an attorney licensed to practice law in the State of California, Bar No. 368130, admitted to practice before this Court, and counsel for Petitioner Andrei Kositsin. I verify this Petition on Petitioner's behalf pursuant to 28 U.S.C. § 2242 because Petitioner is detained and unable to execute a declaration in the ordinary course.

I have read the foregoing Petition. The facts stated therein are true of my own knowledge, except those stated on information and belief, and as to those I believe them to be true. My knowledge is based on my telephone conversation with Petitioner on September 10, 2026, on my communications with Julia Bikbova, Esq., and on the documents attached as exhibits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 10, 2026, at Beverly Hills, California.

/s/ Magomed Gusein Gasanov
MAGOMED GUSEIN GASANOV, ESQ.