UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREI KOSITSIN,<br>Petitioner,<br>v.<br>ERNESTO SANTACRUZ, JR., et al.,<br>Respondents. | Case No. 5:26-cv-05242-PD<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**<br>**A# 235-473-785** |

Andrei Kositsin ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or immediate release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. The court has considered the Petition, attached declarations and exhibits, Respondents' response and exhibits, and Petitioner's reply. Dkt. Nos. 11, 12.

## I. Background

The Court incorporates by reference, the allegations set forth in the Petition. Dkt. No. 1.

## II. Discussion

The Petition raises a single claim arguing that Petitioner's detention without a pre-deprivation hearing violated procedural due process.

Respondents contend that Petitioner is currently detained under 8 U.S.C. § 1226(a), and because this is his first detention, his only potential available remedy is a bond hearing under § 1226(a), pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Respondents contend that to the extent Petitioner has not requested a bond hearing from the Immigration Court, he has not exhausted his available administrative remedies. Dkt. No. 11.

The Court disagrees for the following reasons.

### A. Procedural Due Process

The re-detention, without notice or a pre-deprivation hearing, of a noncitizen who was released on conditions shortly after entering the United States and then fully complied with those conditions, can constitute a violation of the right to due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).

Courts have extended this principle in certain circumstances to noncitizens who have lived at liberty in the United States while their immigration proceedings are pending, pursuant to the Government's implicit decision not to detain them. *See Gagik T. v. Chestnut, et al.*, No. 1:26-cv-

04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) (granting release to noncitizen who entered the United States on a visitor visa, applied for asylum, was granted employment authorization, and remained out-of-custody for six years); *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL 531441 at *2 (N.D. Cal. Feb. 25, 2026) ("Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained."). *See also Abdeltawab v. Armant*, No. EDCV 26-01520-MWF (DTB), 2026 WL 1045564 at *1 (C.D. Cal. Apr. 13, 2026) (preliminary injunction granting release and finding liberty interest for noncitizen whose removal proceedings were administratively closed, was granted employment authorization, and then was arrested by immigration authorities for the first time).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

**1. Private Interest**

Petitioner has a substantial private interest in remaining out of custody. Petitioner has resided in the United States for over a year and a half since he arrived on a B-2 visa on December 11, 2024. He has remained physically present in the United States since that date. On January 15, 2025, he filed an asylum application which is still pending. Although his visa expired after June 10, 2025, Petitioner complied with every obligation

associated with his asylum application, completed his biometrics appointment, paid the Annual Asylum Program Fee, and notified U.S. Citizenship and Immigration Services ("USCIS") of his change of address. Petitioner alleges that Respondents have known Petitioner's whereabouts throughout the pendency of his application. Petition at 4–5.[1] The USCIS notice acknowledging receipt of Petitioner's asylum application states that it does not grant an immigration status or benefit and does not preclude Immigration and Customs Enforcement from placing Petitioner into a removal proceeding. *See* Dkt. No. 1-1 at 2. However, as Petitioner points out, the notice also states that the applicant "may remain in the United States until [their] asylum application is decided." *Id.*

While residing in the United States, Petitioner has worked as a professional figure skating coach, training past and current Olympic-level skaters as well as national and international competitors.[2] He is also a member in good standing of U.S. Figure Skating for the 2026–27 season and is current on all compliance requirements. Petitioner's detention comes as the athletes he coaches prepare for the 2026–27 Grand Prix season. *Id.* at 5; Dkt. No. 1-1 at 5–6 (letter from Rafael Arutyunyan, the head coach who Petitioner works for).

On September 10, 2026, Petitioner was detained by immigration officers at the Los Angeles International Airport while in an airport lounge waiting to board a flight to Boston. Petitioner received no advance notice or opportunity

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

[2] Though not alleged in the Petition, Petitioner's Form I-213, which was filed by Respondents, states that Petitioner's Application for Employment Authorization was approved on August 4, 2025. Dkt. No. 11-1 at 12.

before being detained and no bond hearing has been held or scheduled.[3] Petition at 5–6. Petitioner has no criminal history.

Respondents contend that Petitioner does not have a protected liberty interest because he was never previously detained and released by immigration authorities and cites district court cases in support. Dkt. No. 11 at 3–5. However, in those cases, it appears either the legal basis for establishing a protected liberty interest was not articulated by the petitioner, or the facts were insufficient to demonstrate that a liberty interest had been acquired. *See Melkumyan v. Semaia*, No. 5:26-cv-03019-MBK, 2026 WL 1772761, at *2 (C.D. Cal. June 16, 2026) (finding that visa overstay who was detained following state charges for reckless driving did not clearly raise the grounds for his due process claim since he cited cases where petitioners were previously released then re-detained); *see Wang v. Janecha, et al.*, No. 5:26-cv-4447-BFM, 2026 WL 2584800, at *2 (C.D. Cal. Aug. 31, 2026) (expressing doubt that a conditional liberty interest could develop for petitioner not previously detained and released, but deciding that the facts raised in the petition were ultimately insufficient to find a protected interest: "[h]ere, the Petition reflects that Petitioner entered less than three years ago, filed an asylum application on an unknown date, and was detained at an appointment related to that application, nothing more."). *See also Sun v. Janecka, Warden of Adelanto ICE Processing Ctr.*, No. 5:26-cv-4916-RAO, 2026 WL 2622244, at *2 (C.D. Cal. Sept. 4, 2026) (finding that visa overstay failed to show a procedural due process violation because she received a bond hearing after being detained).

---

[3] Petitioner also alleges that he was not served, at the time of his arrest, a Notice to Appear, Notice of Custody Determination, arrest warrant, expedited removal order, reinstatement notice, or charging or custody document. Petition at 6. Respondents have filed copies of the Notice to Appear, arrest warrant, notice of custody determination, and Petitioner's Form I-213. Dkt. No. 11-1.

By contrast, here, the Court finds Petitioner has sufficiently developed the record to establish a protected liberty interest because he was complying with his pending asylum claim, was gainfully employed, kept his address current with the government, and has no criminal history. Though Petitioner's visa expired in June 2025, he was not detained by immigration authorities and remained at liberty in the country; consequently, he organized his personal and professional life in accordance with that liberty while his asylum claim was pending. It also appears that Petitioner has received no bond hearing since being detained.

Therefore, the Court finds that Petitioner acquired a liberty interest because the government implicitly acquiesced to his continued release when it did not detain him after his visa expired; there is also no evidence that Petitioner poses a flight risk or danger. *See Lyu v. Janecha*, No. 5:26-cv-05051-MBK, 2026 WL 2681631, at *3 (C.D. Cal. Sept. 13, 2026) (finding pre-deprivation due process violation for visa overstay, who, for three years while pursuing her asylum claims was gainfully employed, had deepened ties with the community, had no arrests or convictions, and the Government was aware of her location); *Tello Vazquez v. Mullin*, No. C26-2039-KKE, 2026 WL 1911507 at *2 (W.D. Wash. July 2, 2026) (finding that noncitizen with expired visa for five years, but who was never previously detained, and had no evidence that he was a flight risk or danger, had a strong liberty interest); *but see Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-cv-00725-RBM-VET, 2026 WL 788172, at *5 (S.D. Cal. Mar. 20, 2026) ("Although Petitioner has a private interest in remaining free, he does not possess the same liberty interest as noncitizens who were previously detained and released pursuant to conditional release or parole.").

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of her liberty interest absent a pre-detention hearing." *Cruz*, 2025 WL 4051129 at *4. The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001). But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose.

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

Petitioner has no criminal history that would suggest he is a danger to the community or a risk of flight. Respondents do not contend that changed circumstances prompted Petitioner's detention or that he is now a danger or flight risk. *See Abdeltawab*, 2026 WL 1045564, at *2 ("The risk [of erroneous deprivation] is especially pronounced here, where there is no reason to believe

that Petitioner is or has been previously determined to be a flight risk or a danger to the community.”).

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner’s unnecessary detention.

**3. Government Interest**

As to the third *Mathews* factor, “as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing.” *Cruz*, 2025 WL 4051129 at *4 (collecting cases). “[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions.” *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, “any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most “minimal[.]’ ” *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235 at *6 (C.D. Cal. Aug. 26, 2025) (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). “In immigration court, custody hearings are routine . . . .” *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents’ lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that Petitioner’s detention without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner was entitled to a pre-deprivation hearing, the Court

rejects Respondents' contention that he must first exhaust his administrative remedies.

## III. Order

For the foregoing reasons, the Petition is GRANTED.

Petitioner Andrei Kositsin (A# 235-473-785) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, Respondents are ordered to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) the return to Petitioner of the above listed items.

IT IS SO ORDERED.

DATED: September 23, 2026

Patricia Donahue
United States Magistrate Judge